UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEVELLE SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 903 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Robert W. Gettleman |
| COOK COUNTY SHERIFF THOMAS DART, | ) | |
| DIRECTOR CCDOC SALVADOR GODINEZ, | ) | |
| SUPERINTENDENT SNOOKS, | ) | |
| SHERIFF MORGAN (CORRECTION), | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Now Come Defendants Thomas Dart, Salvador Godinez, Thomas Snooks and Sheriff Morgan by their attorney RICHARD A. DEVINE, State's Attorney of Cook County, through his Assistant, Kevin Frey, and moves this Honorable Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Complaint for failure to state a claim for which relief can be granted. In support of this motion Defendants state:

**INTRODUCTION**

Plaintiff brings this action against Defendants Thomas Dart, Sheriff of Cook County, Salvador Godinez, Thomas Snooks and Sheriff Morgan of the Cook County Department of Corrections pursuant to 42 U.S.C. 1983. Plaintiff, who was a pretrial detainee in the Cook County Jail on January 28, 2008, alleges that another inmate, Greg Lockett, "was removed off the tier and place (sic) a beat down upon and was sent to the hospital." (Plaintiff's Complaint, See CM/ECF Document 7, P. 5-6) Plaintiff apparently alleges that Inmate Lockett was "beat down" because Mr. Lockett is bisexual like the Plaintiff. (See CM/ECF Document 7, P. 5-6)

1

Based on this alleged beating, Plaintiff claims he is in fear of his own safety due to the fact that he is bisexual. (See CM/ECF Document 7, P. 5-6) Plaintiff does not allege that he has been harassed or harmed because of his sexual preference.

## I.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that do not state an actionable claim. The Supreme Court reaffirmed the "liberal system of notice pleading" in civil rights actions brought under 42 U.S.C. § 1983. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 113 S. Ct. 1160, 1161 (1993) However, a court is not required to "'ignore any facts set forth in the complaint that undermine the plaintiff's claim...'" *Martin v. Davies*, 917 F.2d 336, 341 (7th Cir. 1990), *quoting Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). Moreover, a court should not strain to find inferences not plainly apparent from the face of the complaint. *Coates v. Illinois St. Bd. of Ed.*, 559 F.2d 445, 447 (7th Cir. 1977). A plaintiff may not avoid dismissal by attaching bare legal conclusions to narrated facts that fail to outline the basis of his claims. *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991).

## II.   ARGUMENT

**A. PLAINTIFF HAS NOT ALLEGED A PRIOR PHYSICAL INJURY PURSUANT TO 42 U.S.C. SECTION 1997(e), PLAINTIFF'S CLAIM IS NOT YET RIPE AND PLAINTIFF'S CLAIM IS MOOT, THEREFORE HIS COMPLAINT AGAINST SHERIFF THOMAS DART, DIRECTOR SALVADOR GODINEZ. SUPT. THOMAS SNOOKS AND OFFICER MORGAN SHOULD BE DISMISSED**

While Defendants agree that in reviewing a Motion to Dismiss based upon Rule 12(b)(6) deference is to be paid to the filings of a Pro Se plaintiff, Plaintiff has, nevertheless, failed to state a claim against the Defendants Thomas Dart, Sheriff of Cook County, Salvador Godinez, Thomas Snooks and Sheriff Morgan of the Cook County Department of Corrections. A cursory

review of Plaintiff's Complaint shows a number of deficiencies. Plaintiff has failed to allege a physical injury as required by 42 U.S.C. Section 1997e(e); Plaintiff's claim is not yet ripe; and further, Plaintiff's claim is moot. In support of these assertions, defendants state as follows:

### 1. Plaintiff has failed to allege a physical injury under Section 1997e(e).

42 U.S.C. Section 1997e(e) states, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

In *Zehner v. Trigg*, 952 F. Supp 1318, 1320-21 (S.D. Ind. 1997), a class of inmates filed a complaint against employees of the Indiana Department of Corrections alleging that the defendants forced the inmates to work in a kitchen at a Youth Facility where they were deliberately exposed over a period of two years to friable asbestos. In their complaint the plaintiffs alleged that they had suffered physical and mental injuries, but later clarified that their injuries consisted of "untold future physical injury and present mental pain and suffering, as well as mental anguish and fear of developing cancer, asbestos or related asbestos exposure diseases and conditions." *Id.* at 1321. The plaintiffs argued that their exposure to the friable asbestos was a physical impact that amounted to physical injury. *Id*. at 1322. The court in that case found that exposure to friable asbestos was not a physical injury and therefore the plaintiffs had not pled physical injury within the meaning of Section 1997e(e) and could not recover damages for mental or emotional injuries. *Id*. at 1322-23.

In the present case, the Plaintiff has not pled or alleged any prior physical injury suffered by him at the hands of the Defendants. In his Complaint, Plaintiff refers to an incident with a fellow inmate, Greg Lockett. (See CM/ECF Document 7, p. 5-6) According to Plaintiff, Inmate Lockett was verbally abused for being bisexual by officers at the Cook County Department of

3

Corrections. (See CM/ECF Document 7, P. 5-6) Plaintiff asserts that he is bisexual. (See CM/ECF Document 7, P. 5-6) On January 28, 2008, Plaintiff alleges that Inmate Lockett was "beat down" by Sheriff Morgan because Inmate Lockett is bisexual. (See CM/ECF Document 7, P. 5-6) Based on the alleged beating of Inmate Lockett by Sheriff Morgan, Plaintiff claims that he has suffered a mental or emotional injury when he states that he has "a concern for his safety" and "fears for his life." (See CM/ECF Document 7, P. 5-6) Plaintiff claims he is in fear of physical harm due to his bisexuality because of what allegedly happened to Inmate Lockett. (See CM/ECF Document 7, P. 6) In addition to the dismissal of certain Sheriff's employees, Plaintiff requests to be compensated in the amount of 2.5 million dollars. (See CM/ECF Document 7, P. 7)

Plaintiff's fears can only be construed as a mental or emotional injury, where his complaint is devoid of any allegations of having suffered any physical harm or injuries. Nowhere in Plaintiff's Complaint is there a mention of any physical injury suffered by the Plaintiff. Plaintiff is trying to extrapolate what allegedly happened to Inmate Lockett and claim that he and Inmate Lockett are of the same class as bisexuals, therefore, in the future, Plaintiff will be attacked by Sheriff Morgan. However, under Section 1997e(e) this is not sufficient. Under Section 1997e(e) in order to be compensated for any mental or emotional injuries, there needs to be a showing of prior physical harm. Section 1997e(e) and the holding in *Zehner* make it clear that the Plaintiff must allege some type of previous physical injury in his complaint in order to be compensated for any alleged subsequent mental or emotional injuries. As indicated above, Plaintiff has not done this and therefore his complaint should be dismissed.

   **2.     Plaintiff's claim is not yet ripe.**

In addition to, as required by Section 1997e(e), Plaintiff filing a complaint that is devoid

4

of any kind of claims of physical injury, Plaintiff has filed a lawsuit that can only be construed as "anticipatory litigation." As shown above, Plaintiff's Complaint alleges that he fears for his safety and his life. (See CM/ECF Document 7, P. 6) Plaintiff claims to have witnessed a fellow inmate at Cook County Department of Corrections, Greg Lockett, get physically beaten on January 28, 2008 by Officer Morgan. (See CM/ECF Document 7, P. 5-6) Plaintiff asserts Inmate Lockett was beaten due to the fact that Inmate Lockett is bisexual. (See CM/ECF Document 7, P. 5-6) Plaintiff believes that because Inmate Lockett was beaten due to his bisexuality, Plaintiff will suffer the same fate because Plaintiff is bisexual as well.

Plaintiff is attempting to hold Defendants Dart, Godinez and Snooks anticipatorily liable under *Monell v. Department of Social Services of the City of New York*, 98 U.S. 2018 (1977). Plaintiff is also attempting to hold Sheriff Morgan anticipatorily liable under an excessive force claim. No defendants in this case have caused or have been alleged to have caused any physical harm or injury to the Plaintiff. Because the Plaintiff has yet to be harmed and may never be harmed, his claim is not yet ripe. The Plaintiff cannot try to use a complaint under section 1983 to obtain compensation for an alleged future harm that may never happen.

At most the Defendants have been put on notice that Plaintiff fears for his safety. However, it should be noted that in the Plaintiff's own Complaint he appears to state that he was given the opportunity to be placed in protective custody, but did not want to be in protective custody because he would be in lockdown 23 hours out of the day. (See CM/ECF Document 7, P. 8) Because Plaintiff's Complaint is nothing more than "anticipatory litigation," Plaintiff's Complaint is not ripe and should be dismissed as to all Defendants.

### 3. Plaintiff's claim is moot.

Plaintiff has attempted to bring anticipatory litigation, however the events subsequent to

the filing of Plaintiff's Complaint make his Complaint moot. As was indicated above, Plaintiff filed a complaint based upon fears for Plaintiff's safety due to the alleged treatment of fellow inmate Greg Lockett based on Inmate Lockett's bisexuality. Plaintiff indicated in his complaint that he "could be next" and he feared for his life. (See CM/ECF Document 7, P. 6) Plaintiff's Compliant shows that he signed his complaint on February 2, 2008. (See CM/ECF Document 7, P. 9) Since March 17, 2008, the Plaintiff has been incarcerated in the Illinois Department of Corrections. Therefore, because the Plaintiff is no longer at the Cook County Department of Corrections, whatever risk Plaintiff believed there was for him at the Cook County Department of Corrections no longer exists and his complaint is moot.

**B. THE ALLEGATIONS OF THE COMPLAINT DO NOT SET FORTH THE REQUISITE NEXUS TO ESTABLISH INDIVIDUAL CAPACITY LIABILITY FOR SHERIFF THOMAS DART, COOK COUNTY DEPARTMENT OF CORRECTIONS DIRECTOR SALVADOR GODINEZ AND SUPERINTENDENT THOMAS SNOOKS**

If this Court finds that Plaintiff has alleged physical injury and his claims are ripe and not moot, Plaintiff still has failed to state a claim against Defendants Thomas Dart, Salvador Godinez and Thomas Snooks. The allegations of Plaintiff's complaint do not make it clear whether he intended to sue Defendants in their individual or official capacities, or both. However, some guidance may be derived from *Duckworth v. Franzen*, in which the court explained that by naming a defendant's office, the presumption is raised that he is being sued only in his official capacity. *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985), cert. denied, 419 U.S. 816 (1986); see also *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

6

Nonetheless, for purposes of this motion, the Complaint will be read liberally to assume the Plaintiff is seeking to hold the Defendants liable in both their individual and official capacities.

In order for the Plaintiff to state a cause of action against the Defendants under 42 U.S.C. § 1983, he must allege that the Defendants caused or participated in the alleged constitutional deprivation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). Therefore, the Defendants can only be held liable in their individual capacities if, by their own conduct, they caused or participated in the alleged constitutional violations. *Armstrong v. Squadrito*, 152 F.3d 564, 581(7th Cir. 1998), citing *Duckworth v. Franzen*, 780 F.2d at 650.

It is well settled that that mere supervisory status does not create liability in section 1983 action. *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000). The Plaintiff must allege facts demonstrating the supervisor's personal involvement in the unconstitutional activities of his subordinates; at a minimum, the Plaintiff must allege the Defendants' knowledge and consent to the subordinate's actions. *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Vicarious liability is insufficient to hold an employer or supervisor responsible merely because of his position. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 692, 90 S. Ct. 2018, 2036 (1978). Liability under Section 1983 must be premised on a personal involvement in the deprivation of the constitutional right, not vicarious liability, "…a 'person' should not be liable on respondeat superior grounds, but only when he or she has personally engaged in a violation of the act…", *Davis v. Zirkelbach,* 149 F.3d 614, 619 (7th Cir. 1998).

In the present case, the Plaintiff has failed to allege an affirmative link between the alleged constitutional violation and Defendants Thomas Dart, Salvador Godinez and Thomas Snooks. Rather, it is clear that the Defendants have been sued based on their positions as high-ranking officials. No indication is present that Defendants personally caused or had knowledge

of Plaintiff's supposed fears or the alleged assault of another inmate referred to in Plaintiff's Complaint. The complaint is devoid of allegations from which the Court might infer that Defendants knew anything regarding Plaintiff or the alleged assault of another inmate referred to in Plaintiff's Complaint. Plaintiff has merely placed the names of Thomas Dart, Salvador Godinez and Thomas Snooks in the caption of the complaint and stated in conclusory fashion that they are liable for his injury. As stated, the Plaintiff cannot merely state the chain of command and rely on a theory of *respondeat superior* to state a section 1983 cause of action. *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 383 (7th Cir. 1988) citing *Duckworth*, 780 F.2d at 650.

The Plaintiff's failure to support this claim with allegations concerning the Defendants' personal involvement in the alleged deprivations forms the basis for dismissal of this action against the Defendants in their individual capacities.

### C. PLAINTIFF FAILES TO STATE A VALID § 1983 CLAIM AGAINST DEFENDANTS SHERIFF THOMAS DART, COOK COUNTY DEPARTMENT OF CORRECTIONS DIRECTOR SALVADOR GODINEZ AND SUPERINTENDANT THOMAS SNOOKS IN THEIR OFFICIAL CAPACITIES

Plaintiff also fails to state a claim against Defendants in their official capacities. Actions brought against government officers in their official capacities are actually claims against the entity for which the officers work. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). It is well settled that governmental employees cannot be held liable in their official capacities in a §1983 action unless a plaintiff can show that he suffered injuries of a constitutional magnitude as a result of an official custom, policy or practice. *Monell v. Department of Social Services of the*

*City of New York*, 98 U.S. 2018, 2036 (1977). The *Monell* court rejected the theory of *de facto respondeat superior* liability on governmental entities. Id. at 2037.

The Seventh Circuit has outlined what showing a plaintiff must make in an official capacity suit:

> Case law recognizes three ways in which a municipality's policy can violate an individual's civil rights: (1) an express policy that, when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law," or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority."

*McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995) (quoting, *Baxter by Baxter v. Vigo County School Corp.,* 26 F.3d 728, 735 (7th Cir. 1994))(citations omitted). More importantly, a plaintiff must demonstrate that a municipality, through its own deliberate conduct, was the moving force behind the alleged injury. *County Comm'r of Bryan County v. Brown*, 117 S. Ct. 1382, 1386 (1997); *Polk County v. Dodson*, 102 S. Ct. 445, 454(1981)(citing *Monell* at 694).

In *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995), the Seventh Circuit stated:

> "Allegations in a complaint are binding admissions. . . and admissions can of course admit the admitter to the exit from the federal courthouse. . So when as in Baxter by Baxter v. Vigo County School Corp. 26 F.3d 728 (7th Cir. 1994) the complaint names an official in his official capacity (making it a suit against the office, that is, the governmental entity itself) without a clue as to what the authority of the office is or what policy of the office believes violated his rights, the suit is properly dismissed on the pleadings." (citations omitted)

9

Plaintiff's pleadings are not sufficient to state a claim for official capacity liability. Plaintiff does not allege any harm in his complaint, he only states that he is in fear for his safety based on the alleged treatment of one other inmate. Plaintiff does not allege that an express policy by any of the Defendants caused a constitutional violation in this case. Nor does Plaintiff allege that a person with a final decision-making authority caused Plaintiff's alleged constitutional injury. Therefore, under *Monell*, Plaintiff must be attempting to establish a widespread practice as a basis for his official capacity claim.

Plaintiff fails to establish any "widespread practice" which could be considered an unlawful policy. In fact, Plaintiff's factual allegations do not involve him; his factual allegations establish nothing more than a single set of circumstances particular to one other inmate in the jail and directly thwart any attempt to establish official capacity liability. A single allegation of wrongdoing on the part of the defendant is insufficient to establish a policy, custom or practice. *Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir. 1994). Plaintiff's allegations do not sufficiently establish a pattern of violations of any alleged policy of Defendants' office. As stated in *Sivard*, these allegations are simply insufficient. Plaintiff fails to plead facts establishing a nexus between a policy, custom, or practice for which either Thomas Dart, Salvador Godinez or Thomas Snooks is responsible as a cause or contributing cause for his alleged constitutional injury. Accordingly, Plaintiff fails to state a claim against the Sheriff Thomas Dart, Director Salvador Godinez or Superintendent Thomas Snooks in their official capacity pursuant to 42 U.S.C. §1983.

## III. CONCLUSION

Based upon the foregoing, the complaint against Defendants Thomas Dart, Sheriff of Cook County, Director Salvador Godinez, Superintendent Thomas Snooks and Sheriff Morgan should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.